IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

MARC and HEATHER EISENBERG,

      Plaintiffs,

v.

SHENDELL & ASSOCIATES, P.A.
LAWRENCE A. SHENDELL, *individually*, TAMAR
SHENDELL, *individually,* and SUNFLOWER MARGATE
ASSOCIATION, INC.,

      Defendants.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiffs, MARC and HEATHER EISENBERG ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Broward, and City of Margate.

5.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, SHENDELL & ASSOCIATES, P.A. ("S&A") is a professional association who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      At all relevant times herein, Defendant, SUNFLOWER MARGATE ASSOCIATION, INC. ("SUNFLOWER"), acted as a debt collector in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiffs.

8.      At all relevant times herein, Defendants, LAWRENCE A. SHENDELL ("LS") and TAMAR SHENDELL ("TS"), were owners of Defendant S&A.  As officers, shareholders and/or directors of S&A, Defendants LS and TS were responsible for the overall success of the company. Defendants LS and TS are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6): they materially participated in collecting debt by occupying a position of critical importance to Defendant S&A's business; as the owners of S&A, they exercised control over the affairs of a debt collection business; and they were regularly engaged, albeit more often indirectly than directly, in the collection of debts through their involvement in S&A's affairs and Defendants LS and TS continued to play a key role in maintaining and expanding S&A's debt collection activities throughout the time in question.

9.      Defendants, S&A, LS and TS are "debt collectors" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

10.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than S&A.

11.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than S&A, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13.     Defendants sent Plaintiffs initial written communication dated March 26, 2010 in which it claimed Plaintiffs owed an alleged debt of $360.48 for not paying a $125.00 assessment fee.  (See copy of letter dated March 26, 2010, attached hereto as Exhibit "A").

14.     Prior to said correspondence, Plaintiffs had remitted payment to Defendant Sunflower in the amount of $125.00, in December of 2009, which Defendant Sunflower had allegedly misplaced.

15.     Upon discovering Defendant Sunflower has misplaced such payment, Plaintiffs issued a replacement check in the amount of $125.00, the total amount of the alleged debt in or about April of 2010.

16.     Despite the fact that the debt had been paid in full months earlier, Defendants filed suit against Plaintiffs on or about July 21, 2010, deliberately misrepresenting that said amount remained unpaid.  (See Exhibit "B").

17.     Defendants subsequently caused to be sent to Plaintiffs written correspondence dated August 25, 2010 claiming that Plaintiffs' alleged debt, as a result of the suit that had been filed on July 21, 2010, had increased to $3,609.96.  (See copy of letter dated August 25, 2010, attached hereto as Exhibit "A").

18.     This egregiously inflated amount included an assessment fee of $125.00 that was not due and owing to Defendant Sunflower until January 11, 2011, and included an assessment of interest through and including January 11, 2011, a date in excess of four moths into the future at the time the demand was made.

19.     Thus, the entire amount demanded was for attorney's fees and costs generated to collect an amount that had been paid in full, as well as fictitious "future" assessments, an unreasonable, unconscionable and deceptive means utilized in connection with the collection of an alleged debt from Plaintiffs.

20.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

21.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 20.

22.     Defendants, S&A, LS, AND TS violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of Plaintiffs' debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(2)(a);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

23.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 20.

24.    Defendants, S&A, LS, AND TS violated 15 U.S.C. § 1692e(2)(b) by falsely representing to Plaintiffs that services were rendered or that compensation maybe lawfully received by Defendants for collection of Plaintiffs' debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Defendants violated  15 U.S.C. § 1692e(2)(b);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

25.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 20.

26.     Defendants, S&A, LS, AND TS violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a)   Adjudging that Defendants violated  15 U.S.C. § 1692e(10);

   b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

   e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

   f)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV

27.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 20.

28.     Defendants, S&A, LS, AND TS violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a)   Adjudging that Defendants violated  15 U.S.C. § 1692f;

   b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

29.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 20.

30.    Defendants, S&A, LS, AND TS violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiffs that was not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Defendants violated  15 U.S.C. § 1692f(1);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST ALL DEFENDANTS

31.    Plaintiffs re-allege and incorporate by reference as though fully set forth herein, paragraphs 1-20 of this complaint.

32.    Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is

not legitimate, or assert the existence of some other legal right when such person knows that the

right does not exist

     33.     As a result of Defendants' violations as aforesaid, Plaintiffs suffered and continue

to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

     WHEREFORE, Plaintiffs, MARC and HEATHER EISENBERG, by and through their

attorneys, respectfully pray for judgment as follows:

     a.     All actual compensatory damages suffered;

     b.     Emotional and/or mental anguish damages;

     c.     Statutory damages of $1,000.00;

     d.     Plaintiffs' attorneys' fees and costs;

     e.     Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

     34.     Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted this _____ day of _____, 20__.


     Respectfully submitted,
     **MARC and HEATHER EISENBERG**


     By: s/ Alex D. Weisberg
     ALEX D. WEISBERG
     FBN: 0566551
     WEISBERG & MEYERS, LLC
     ATTORNEYS FOR PLAINTIFFS
     5722 S. Flamingo Rd, Ste. 656
     Cooper City, FL 33330
     (954) 212-2184
     (866) 577-0963 fax
     aweisberg@attorneysforconsumers.com