UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-62149-JIC

MARC and HEATHER EISENBERG,

    Plaintiffs,

vs.

SHENDELL & ASSOCIATES, P.A.,
LAWRENCE A. SHENDELL,
TAMAR SHENDELL, and
SUNFLOWER MARGATE ASSOCIATION, INC.,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants', Shendell & Associates, P.A., Lawrence A. Shendell and Tamar Shendell, Motion to Dismiss Plaintiff's Amended Complaint [DE 19] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, Plaintiffs' response [DE 23] ("Response"), Defendants', Shendell & Associates, P.A., Lawrence A. Shendell and Tamar Shendell, reply [DE 27] ("Reply"), Plaintiff's sur-reply [DE 29-1] ("Sur-Reply), and is otherwise advised in the premises.

### I. BACKGROUND

Defendant Sunflower Margate Association, Inc. ("Sunflower") is a homeowners association. Plaintiffs own property affiliated with Sunflower. See Amended Complaint [DE 18] ¶ 13. "Plaintiffs remitted payment in the amount of $125.00 to Defendant Sunflower in December 2009 for their annual assessment fee due January 1, 2010." Id. ¶ 17. However, "[d]uring February 2010, Plaintiffs noticed that their December 2009 check for assessment fees had not yet been cashed." Id. ¶ 18. Plaintiffs therefore

made multiple calls to Sunflower to determine whether Sunflower had received Plaintiffs' payment.  See id. ¶ 19.  When Sunflower returned Plaintiffs' calls, several weeks later, Sunflower looked into the matter and informed Plaintiffs that it had misplaced Plaintiffs' payment.  See id. ¶¶ 20-22.  "Upon discovering Defendant Sunflower has misplaced such payment, Plaintiffs issued a replacement check in the amount of $125.00."  Id. ¶ 23.  Sunflower never cashed the replacement check.  Id. ¶ 24.

On March 26, 2010, Plaintiffs received a letter from Defendant Tamar Shendell on behalf of Defendant Shendell & Associates.  Amended Complaint ¶ 25 (citing DE 18-1 ("Initial Communication")).  The Initial Communication indicates that Sunflower retained Shendell & Associates to collect a debt owed to Sunflower.  See Initial Communication.  The Initial Communication further states that Plaintiffs owed Sunflower $125.00 for an annual assessment due on 1/1/2010, $4.50 in interest, $225.00 in attorneys' fees, and $5.98 in costs, for a total due of $360.48.  See id.  The Initial Communication directs Plaintiffs to pay $360.48 via cashier's check or money order within 45 days and also informs Plaintiffs that if they fail to pay the amount due as specified, Sunflower will take legal action against them pursuant to Chapter 720, Florida Statutes "to collect this amount, plus additional assessments, interest and attorneys' fees which may accrue."  Id.  The Initial Communication states "[i]f you have any questions concerning your account, please write or send a fax to the undersigned. . . . Additional attorneys' fees and costs will quickly accrue.  Therefore, it is in your best interest to give this matter your immediate attention."  Id.  Lastly, in bold and underlined text, the Initial Communication states as follows: "Unless, within thirty days after your

receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid." Id.

Plaintiffs, upon receipt of the Initial Communication, "immediately sent another replacement check, this time to Defendant S&A, in the amount of $125.00 and called Defendant S&A to inform them that no interest or attorney fees were due because payment was made on time but the check was misplaced by Defendant Sunflower." Id. ¶ 26.  Nonetheless, "Defendants added interest and attorney fees to Plaintiffs' alleged debt as a result of Defendant Sunflower's actions in misplacing Plaintiffs' check." Id. ¶ 27.  Furthermore, "Defendants applied Plaintiffs' payment to interest and attorney fees that were not owing rather than to the assessment fees the check was intended to replace." Id. ¶ 28.

Consequently, on July 21, 2010, Sunflower filed suit against Plaintiffs in state court.  See id. ¶ 29 (citing Exhibit B to Amended Complaint [DE 18-2]).  "Defendants subsequently caused to be sent to Plaintiffs written correspondence dated August 25, 2010, claiming that Plaintiffs' alleged debt, as a result of the suit that had been filed on July 21, 2010, had increased to $3,609.96." Id. ¶ 30 (citing Exhibit C to Complaint [DE 18-3] ("Post-Suit Correspondence")).[1]  "This egregiously inflated amount included an assessment fee of $125.00 that was not due and owing to Defendant Sunflower until January 11, 2011, and included an assessment of interest through and including January 11, 2011, a date in excess of four moths [sic] into the future at the time the demand was made." Id. ¶ 31.

---

[1]     The Post-Suit Correspondence is signed by Defendant Lawrence Shendell.  See Exhibit C to Complaint [DE 18-3] at 2.

Consequently, on November 8, 2010, Plaintiffs filed a six-count complaint against Defendants. The first five counts allege violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1962, et seq ("FDCPA"). The sixth count alleges a violation of the Florida Consumer Collection Practices Act, section 559.72(9), Florida Statutes ("FCCPA"). Defendants Shendell & Associates, Lawrence Shendell, and Tamar Shendell moved to dismiss all of the counts against them. See Complaint [DE 8].

On January 31, 2011, the Court dismissed without prejudice Counts II, III, IV, and V of the Complaint and granted Plaintiffs leave to file an amended complaint no later than February 10, 2011. See DE 17. Plaintiffs filed a timely Amended Complaint [DE 18] wherein Plaintiffs again assert six counts.[2] The first five counts assert violations of the FDCPA against Defendants. The sixth count alleges a violation of the FCCPA.[3]

---

[2]   The Amended Complaint labels the FCCPA claims as "Count VII." See Amended Complaint at 14-15. However, the Amended Complaint contains no Count IV, so the Amended Complaint contains only six counts. Notwithstanding, this Order refers to the claims in the Amended Complaint by the numbers Plaintiffs assigned to them even though the counts are misnumbered.

[3]   The FDCPA and FCCPA apply to attempts to collect debts that are "primarily for personal, family or household purposes." See 15 U.S.C. § 1692a(5). Defendants, for the first time in their Reply, argue that the alleged debt at issue in this case is not for "personal, family or household purposes." Specifically, Defendants contend that the alleged debt was for homeowners' association assessments on a rental property owned by Plaintiffs rather than assessments on Plaintiffs' own residence.

Defendants submit that they "did not raise in their motion to dismiss that the assessment was related to a rental property owned by the Plaintiffs because that is not clearly set forth in Plaintiffs' Amended Complaint." Reply at 2. However, the Amended Complaint contains the exact same language as the Response. Compare Amended Complaint ¶ 36, with Response at 2.

The Court therefore rejects Defendants' contention that the basis for this new argument fails to appear in the Amended Complaint. Arguments not properly presented

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B. Defendants' Motion to Dismiss

Defendants Shendell & Associates, Lawrence Shendell, and Tamar Shendell

---

in a party's initial brief or raised for the first time in the reply brief are deemed waived. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1482 (11th Cir. 1989). Notwithstanding, at a later stage of the proceedings, if the Court determines that the alleged debt at issue was not for "personal, family, or household purposes," the Court will dismiss this action.

(collectively "Defendants") submit that the Court should dismiss Plaintiffs' Amended Complaint as it pertains to them because "it is well settled that debt collectors have no obligation to investigate the viability of the underlying debt." Motion to Dismiss at 8 (citing Jenkins v. Heintz, 124 F.3d 824 (7th Cir. 1997)). Notably, Defendants submit no authority from this jurisdiction to support their proposition about this "well-settled" rule of law.

In Jenkins, the Seventh Circuit reviewed a district court's decision to grant a debt collector's motion for summary judgment in an FDCPA case. The debt collector predicated its motion for summary judgment on a bona fide error defense pursuant to 15 U.S.C. § 1692k(c). Thus, both the procedural posture (i.e., summary judgment) and the substantive legal issue (i.e., affirmative defense) before the Seventh Circuit were different than the matters now before this Court on Defendants' Motion to Dismiss.[4] Jenkins, therefore, has no bearing on the Motion to Dismiss.

Nonetheless, Defendants argue that "Plaintiffs' Complaint fails to allege a violation of the FDCPA because it fails to allege facts that Defendants' counsel knew or should have known that the debt was invalid." Motion to Dismiss at 9. Defendants, however, apply this argument without reference to any particular claim in the Amended Complaint. As set forth below, Plaintiffs' causes of action do not contain a "knew or

---

[4] In Jenkins, the Seventh Circuit assumed, for argument's sake, that the underlying debt was invalid. See Jenkins v. Heintz, 124 F.3d 824, 828 (7th Cir. 1997). Nonetheless, the Seventh Circuit found no proof that the debt collector knew the debt was invalid. See id. at 829. Therefore, the court of appeals affirmed the district court's order granting summary judgment on the debt collector's bona fide error defense. See id.

should have known" element.  The Court therefore rejects Defendants' argument that the Amended Complaint fails to state claims because it fails to allege knowledge.[5]

Alternatively, Defendants argue that Defendants could not have violated the FDCPA or FCCPA for demanding attorney's fees for their efforts in collecting unpaid assessments because Florida law authorizes a creditor to recover attorneys' fees when it collects unpaid assessments.  Motion to Dismiss at 9.  Plaintiffs' claims, however, as set forth in detail below, are not predicated on Defendants' efforts to seek attorneys' fees for their efforts to collect a debt.  Rather, Plaintiffs' claims are predicated on Defendants' efforts to seek interest, attorneys' fees, and costs for the collection of an invalid debt.  The Court therefore rejects this argument as well and turns to each of Plaintiffs' separate claims.

### 1. Count I

In Count I, Plaintiffs allege that Defendants "violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt."  Amended Complaint ¶ 39.  Title 15 U.S.C. § 1692e(2)(A) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) The false representation of –
> (A) the character, amount, or legal status of any debt.

---

[5] To support this argument, Defendants contend as follows: "Plaintiffs have offered no proof, only unsupported allegations, that they timely paid the debt in full to Co-Defendant Sunflower."  Motion to Dismiss at 9.  Plaintiffs, however, need not offer proof to survive a motion to dismiss.  Indeed, as set forth both in this order and Defendants' own Motion to Dismiss, the Court must accept as true Plaintiffs' factual allegations.

15 U.S.C. § 1692e(2)(A).

As set forth above, Plaintiffs allege that they "remitted payment in the amount of $125.00 to Defendant Sunflower in December 2009 for their annual assessment fee due January 1, 2010." Amended Complaint ¶ 17. Many weeks later, after inquiries from Plaintiffs, "Defendant Sunflower . . . looked into whether payment was received [and] telephoned Plaintiffs to inform them that they had misplaced Plaintiff's payment." Id. ¶¶ 20-22. According to Plaintiffs, "[d]espite Defendant Sunflower's statement that it misplaced Plaintiffs' December 2009 check, Defendants repeatedly asserted, and continue to assert that Plaintiffs' 2010 assessment fees were not received on time and are past due." Id. ¶ 41.

Based on the aforementioned series of events, Plaintiffs allege that "Defendants falsely represented the character, amount, or legal status of the alleged debt in their March 26, 2010 letter, July 21, 2010 lawsuit, August 25, 2010 letter, and Defendants' January 7, 2011 Motion for Summary Judgment of Foreclosure." Id. ¶ 41. Specifically, Plaintiffs contend that Defendants violated 15 U.S.C. § 1692e(2)(A) because "[d]espite knowledge that Plaintiffs' December 2009 check was timely, Defendants falsely represented the amount of the alleged debt when asserting Plaintiffs owed interest, attorneys' fees, and other costs." Response at 23. Stated differently, Plaintiffs argue that because they paid the alleged debt on time, Defendants had no legal right to charge interest, attorneys' fees, or costs to collect the debt and therefore misrepresented the character, amount, or legal status of the alleged debt.

Because the Court must assume the allegations in the Amended Complaint are

true, the Court assumes that Plaintiffs timely paid the alleged debt.[6]   Based on the allegation that Plaintiffs timely paid the debt, Plaintiffs have pled sufficient factual matter to state a claim that Defendants misrepresented the character, amount, or legal status of the debt.[7]

   Furthermore, Plaintiffs allege that Defendants attempted to collect "an assessment fee of $125.00 that was not due and owing to Defendant Sunflower until January 11, 2011, and included an assessment of interest through and including January 11, 2011, a date in excess of four moths [sic] into the future at the time the demand was made."  Amended Complaint ¶ 31.  As stated in the Court's Order Granting in Part Motion to Dismiss [DE 17], the Court finds that "[b]ecause the Court must accept as true all of the allegations in the Complaint, and the Complaint alleges that Defendants attempted to misrepresent the amount the Plaintiffs allegedly owed to Sunflower by claiming Plaintiffs owed an assessment not yet due and interest not yet accrued, Plaintiffs have stated a claim in Count I."  DE 17 at 5.  Because Defendants have offered no new argument why the Court erred in that conclusion, and the

---

   [6] Although Plaintiffs' allege that they "remitted" payment in 2009, rather than mailed, wired, or hand-delivered payment, the Court infers that Plaintiffs mailed the payment in 2009.  Even if Plaintiffs mailed the payment in 2009, rather than wired or hand-delivered it, and Defendant Sunflower did not receive the payment until 2010, Plaintiff timely paid the assessment.  Cf. Procacci v. Procacci, 729 So. 2d 522, 523 (Fla. Dist. Ct. App. 1999) (explaining that "payment is considered 'tendered' on the date it is mailed, not the date that it was received."); Neuman v. Ferris, 432 So. 2d 641 (Fla. Dist. Ct. App. 1983) (holding deposit by mail constitutes delivery of payment).

   [7] Defendants submit that a "Florida Circuit Court has already determined, on February 1, 2011, that the Plaintiffs failed to timely pay their assessment."  DE 27 at 3.  Defendants therefore contend, for the first time in their Reply, that the doctrine of collateral estoppel bars Plaintiffs from relitigating this issue.  Defendants failed to raise this issue in their Motion to Dismiss.  Thus, Defendants waived the argument.

allegation remains the same, the same reasoning applies to Count I of the Amended Complaint and Plaintiffs have stated a claim in Count I.[8]

Lastly, Plaintiffs also allege that Defendants have violated 15 U.S.C. § 1692e by claiming in a Florida Circuit Court that "[l]ate fees will continue to accrue at a rate of $125.00 per annum." DE 18-4 at 2. Based on the annual homeowners' maintenance assessments of $125.00, Plaintiffs submit that an annual late fee of $125.00 is contrary to state law. See Amended Complaint ¶ 45. Plaintiffs base that submission on section 720.3085(3)(a), Florida Statutes, which provides that an association may "charge an administrative late fee in an amount not to exceed the greater of $25 or 5 percent of the amount of each installment that is paid past the due date."

Here, the amount of each installment is $125.00. Five percent of $125.00 is only $6.25. Consequently, the largest late fee that Defendant Sunflower could legally

---

[8] Defendants submit the following in their Motion to Dismiss:

> Plaintiffs also that [sic] the Defendants incorrectly included an assessment due January 11, 2011 in their letter dated August 25, 2010. However, this letter was in response to a request for a six month plan, to pay charges due to the association. As the payment plan would continue past January 1, 2011, the time the next assessment was due, it was not misleading for the next assessment to be included in the six month payment plan. The Court dismissed this argument as stating facts which are not in the Complaint in its Order denying in part Defendants' original Motion to Dismiss. However, the March 26, 2010 and August 25, 2010 letters explained to Plaintiffs that they were not demanding payment, but rather offering them a settlement.

Motion to Dismiss at 11-12. Defendants then cite a long passage that they purport appears in Exhibit C to the Amended Complaint. See id. (citing Exhibit C to DE 18). Although attachments to a complaint constitute part of the pleadings, the Court does not see the language quoted by Defendants in the exhibit cited by Defendants. The Court, therefore, again rejects Defendants' argument because it is predicated on facts outside the Amended Complaint.

charge would be $25.00.  See Fla. Stat. 720.3085(3)(a).  The representation regarding a $125.00 late fee is therefore false as a matter of law.  Because the Amended Complaint alleges that Defendants falsely represented "[l]ate fees will continue to accrue at a rate of $125.00 per annum," Plaintiffs have alleged sufficient facts to support a claim that Defendants violated 15 U.S.C. § 1692e.  The Court, therefore, will not dismiss Count I.

### 2. Count II

In Count II, Plaintiffs allege that Defendants "violated 15 U.S.C. § 1692e(2)(A) by falsely representing to Plaintiffs that compensation maybe [sic] lawfully received by Defendants for collection of Plaintiffs' debt."  Amended Complaint ¶ 47.  Although Plaintiffs' Amended Complaint cites subsection "A" of section 1692e(2), the Court assumes that Plaintiffs intended to cite 15 U.S.C. § 1692e(2)(B) which contains the language used by Plaintiffs and provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) The false representation of – . . . (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(2)(B).

The Court already dismissed Plaintiffs' claim regarding this Count and Plaintiffs have done nothing to cure the deficiencies in the original Complaint.  See DE 17.  To the extent Plaintiff attempts to state a claim in Count II based on Defendants' efforts to obtain attorneys' fees for the collection of a debt that Plaintiffs they paid, the Count is merely duplicative of Count I.  The Court therefore will dismiss Count II with prejudice.

11

### 3. Count III

In Count III, Plaintiffs allege that Defendants "violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs." Amended Complaint ¶ 54. To the extent that Plaintiffs predicate this claim on their allegations that they paid in full the alleged debt when it was due, that Defendants attempted to charge Plaintiffs an assessment fee that was not yet due and owing, and that Defendants misrepresented the potential amount of late fees, Count III merely duplicates Count I. Indeed, Count III alleges a violation of the same statute predicated upon the same factual allegations. The Court, therefore, will dismiss Count III with prejudice.

### 4. Count V

In Count V, Plaintiffs allege that Defendants "violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt." Amended Complaint ¶ 62. Title 15 U.S.C. § 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiffs predicate their claim in Count V on the same factual allegations that support the previous counts (i.e., charging interest, attorneys' fees, and costs to collect a debt that had already been paid; attempting to collect assessments not yet due; and representing that Plaintiffs were liable for an unlawful amount of late fees). The Court finds that those allegations state sufficient factual matter to state a claim under 15 U.S.C. § 1692f. The Court, therefore, will not dismiss Count V.

### 5. Count VI

In Count VI, Plaintiffs allege that Defendants Shendell & Associates, Lawrence

Shendell, and Tamar Shendell "violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law." Amended Complaint ¶ 72. Title 15 U.S.C. § 1692f(1) provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Plaintiffs predicate Count VI on the same factual allegations as Count V. Furthermore, both Count V and Count VI assert violations of the same statute (i.e., 15 U.S.C. § 1692f). Count VI, therefore, is duplicative of Count V and the Court will dismiss it with prejudice.

### 6. Count VII

In Count VII, Plaintiffs allege that "Defendants violated § 559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert [sic] the existence of some legal right when such person knows that the right does not exist." Amended Complaint ¶ 78. Because the Complaint alleges that Defendant Shendell & Associates, in the Post-Suit Communication, attempted to collect an assessment not yet due, along with interest not yet accrued, Plaintiffs have pled facts, accepted as true, that Defendants attempted to collect a debt that they should know is not legitimate. The Court, therefore, will not dismiss Count VII.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** Defendants', Shendell & Associates, P.A., Lawrence A. Shendell and Tamar Shendell, Motion to Dismiss Plaintiff's Amended Complaint [DE 19] is **GRANTED IN PART AND DENIED IN PART**. Counts II, III, and VI of the Amended Complaint are **DISMISSED WITH PREJUDICE**. Defendants shall file an answer to the remaining counts in the Amended Complaint no later than April 11, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 31st day of March, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.